IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHRISTINA BOWERS, #M6243**                                             **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:06cv274HTW-JCS**

**UNKNOWN MCLAWRENCE**                                        **DEFENDANT**

## MEMORANDUM OPINION

On May 22, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On May 24, 2006, this Court entered two orders in this case. One order directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The plaintiff has failed to respond or comply with this order. The second order entered on May 24, 2006, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days. The plaintiff has failed to comply with this order.

On July 20, 2006, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for her failure to comply with the Court's May 24, 2006 orders. The plaintiff was warned in the July 20, 2006 order that if she did not comply with the Court orders her case would be dismissed without further notice to the plaintiff.

The plaintiff was warned in a notice of assignment from the Clerk and all of the above mentioned orders, that her failure to keep this Court advised of her current address could result in

the dismissal of this action.  The orders were mailed to the plaintiff's last known address.   On August 4, 2006, the envelope containing the July 20, 2006 order was returned by the postal service with a notation "Return to Sender, undeliverable."

On September 7, 2006, a second show cause order was entered.  The plaintiff was ordered to file a written response showing cause why this case should not be dismissed for her failure to comply with the Court's May 24, 2006 orders and the Court's July 20, 2006 order. The plaintiff was warned in the September 7, 2006 order that if she failed to keep this Court informed of her current address or if she failed to comply with the Court's order in a timely manner, her case would be dismissed without further notice to the plaintiff.  On September 15, 2006, the envelope containing the September 7, 2006 order was returned by the postal service with a notation "Return to Sender, undeliverable."

The plaintiff has failed to communicate with the Court, either to inquire as to the status of her case or to provide the Court with a current address.  It is apparent from the plaintiff's failure to communicate with this Court that she lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 20th day of October, 2006.

           s/ HENRY T. WINGATE
           CHIEF UNITED STATES DISTRICT JUDGE